STATE OF NORTH CAROLINA v. BILL DILLDINE

No. 7418SC472

(Filed 3 July 1974)

1. **Assault and Battery §§ 11, 17— shooting of victim five times — one episode — one offense**

    Where the evidence tended to show that defendant and his victim exchanged words, defendant shot his victim three times in the wrist and abdomen, the victim turned to leave and defendant shot him twice in the back, it was improper to have two bills of indictment and two offenses of felonious assault growing out of the one episode.

2. **Assault and Battery § 15— assault with deadly weapon with intent to kill — instructions**

    In a prosecution for assault with a deadly weapon with intent to kill where defendant was charged in two separate bills of indictment, the trial court's instructions which treated the two cases as being of different seriousness and which placed a lesser degree of proof upon the State than was necessary were sufficiently prejudicial to warrant a new trial.

APPEAL by defendant from *Crissman, Judge,* 19 November 1973, Regular Criminal Session, GUILFORD Superior Court (High Point Division).

Heard in the Court of Appeals 20 June 1974.

Defendant was charged in two separate bills of indictment with felonious assault. The first bill was returned 26 February 1973, Criminal Session, and was to the effect, "That *Bill Dilldine,* late of the County of Guilford, on the 22nd day of December 1972, with force and arms, at and in the County aforesaid, did, unlawfully, willfully and feloniously assault John Henry Seigler with a certain deadly weapon, to wit: a pistol, with the felonious intent to kill and murder the said John Henry Seigler inflicting serious injuries upon the said John Henry Seigler, to wit: by shooting him in the abdomen and wrist against the form of the Statute in such case, made and provided and against the peace and dignity of the State."

The second bill was returned 28 May 1973, Criminal Session, and was to the effect, "That *Bill Dilldine,* late of the County of Guilford, on the 22nd day of December, 1972, with force and arms, at and in the County aforesaid, did, unlawfully, willfully and feloniously assault John Henry Seigler with a certain deadly weapon, to wit: a pistol, with the felonious in-

---

---

tent to kill and murder the said John Henry Seigler inflicting serious injuries upon the said John Henry Seigler, to wit: by shooting him in the back, against the form of the Statute in such case, made and provided and against the peace and dignity of the State."

The two charges were consolidated for trial.

### THE STATE'S EVIDENCE

An unmarried female, Shirley Hollifield, spent Thursday, December 21, 1972, with the defendant and on that night spent the night with him at a motel. They were with another couple, and on Friday, December 22, 1972, they checked out of the motel about 11:00 a.m. and went to Weisner's Sandwich Shop where they spent the day in a booth drinking beer and wine. Shirley had previously dated John Seigler, and in fact, had had a child by Seigler. About 8:00 p.m., on December 22, 1972, Seigler entered the Sandwich Shop and sat on a stool at the bar near the front. Seigler had not been there but a short while when Shirley went to the front of the shop for the purpose of using the telephone. Upon seeing Seigler, she engaged in a short conversation with him and then, after using the telephone, returned to the booth and joined the defendant and the couple they had been with for some time. Having seen Shirley and Seigler engage in a conversation, the defendant then left the booth and went to the front where Seigler was and informed Seigler that Shirley was with him and was going to remain with him. The defendant then returned to the booth. After some several minutes, Seigler went to the back to use the rest room and on leaving the rest room stopped at the booth where Shirley and the defendant were sitting with the other couple, and at that time, Seigler made the remark that Shirley was old enough to know what she wanted and to go with whom she liked and that he, Seigler, was going home. Seigler started towards the door in the front, and at that time, the defendant stood up and called to him. Upon being called, Seigler turned to face the defendant, and the defendant began to fire with a .25 automatic. Seigler was struck in the right wrist and also in the abdomen. After being struck in the front, Seigler turned to leave and was then struck in the back. The defendant shot five times. Three bullets went in the front of Seigler and two in his back. Seigler was taken to the hospital in an unconscious condition and remained there 28 days.

State v. Dilldine

At the time of the shooting, Seigler was carrying a pistol. The defendant relied upon self-defense.

*Attorney General Robert Morgan by Associate Attorney C. Diederich Heidgerd for the State.*

*Assistant Public Defender Richard S. Towers for the defendant appellant.*

CAMPBELL, Judge.

The defendant assigns numerous exceptions to the judge's charge to the jury sufficient we think to merit a new trial. In view of this, we will not go into the factual situation in greater detail. The evidence was ample to go to the jury.

[1] At the outset, it should be noted that this was one offense and not two. It was improper to have two bills of indictment and two offenses growing out of this one episode. The mere fact that some of the shots entered from the front and some entered from the back does not make two offenses. It would be just as reasonable to have five offenses since there were five shots in all. Compare with *State v. Potter*, 285 N.C. 238, 204 S.E. 2d 649 (1974). Each bill of indictment in the instant case charged a felonious assault under G.S. 14-32(a) and as of the date of this offense carried a maximum imprisonment for not more than ten years.

[2] The first assignment of error pertains to the following portion of the charge:

"Now, members of the jury, we are trying two cases, really. Case No. 72-19256 is an assault with intent to kill, and Case No. 73-19742 is an assault with intent to kill inflicting serious injury not resulting in death. Both are felonious assaults."

The court then read the first bill of indictment to the jury and then charged:

"Now, the bill of indictment in the other case reads the same way except it is said 'by shooting him in the back, against the form of the statute in such case made and provided, and against the peace and dignity of the State.'"

The defendant asserts that these two instructions were inconsistent and confusing to the jury.

Later in instructing the jury as to the elements of the crime and particularly with regard to the element of intent to kill, the court instructed:

". . . So, intent to kill is the intent which exists in the mind of a person at the time he commits the assault or the criminal act, intentionally and without justification or excuse of his intent to kill his victim or *to inflict great bodily harm,* and such intent may be inferred from the nature of the assault, the manner in which the act was committed, the conduct of the parties and other relevant circumstances." (Emphasis added.)

The error assigned is to the use of the words "to inflict great bodily harm" as being sufficient to indicate an intent to kill and thus placing a lesser degree of proof upon the State than is necessary.

Another assignment of error is to this portion of the charge:

"Now, members of the jury, again, on this charge of an assault with a deadly weapon inflicting serious injury, if you are satisfied from the evidence beyond a reasonable doubt that Bill Dilldine on this 22nd day of December, 1972, intentionally shot this man Seigler without justification or excuse, and that he used this .25-caliber pistol, and that he thereby inflicted serious bodily injury to Seigler, and that he was not justified by self-defense, then it would be your duty to return a verdict of guilty as charged."

One of the elements of the crime with which the defendant was charged was assault with intent to kill. This instruction left that element out and yet would permit the jury to return a verdict of guilty as charged. Compare with *State v. Whitted,* 14 N.C. App. 62, 187 S.E. 2d 391 (1972).

Another exception to the charge was to this portion:

"The second case refers to the shots that Seigler received in his back. You will recognize that this is the more serious of the two charges."

Here, again, the trial judge treated the two cases as being of different seriousness, whereas, each charge was exactly the same as contained in the bill of indictment. There was no difference in the seriousness of the two cases.

When all of these assignments of error are considered together, we think the defendant has been sufficiently prejudiced to warrant a new trial.

New trial.

Chief Judge BROCK and Judge HEDRICK concur.