IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-338

 Filed: 5 May 2020

Gates County, Nos. 16 CRS 50176-77

STATE OF NORTH CAROLINA

 v.

ROBERT PRINCE, Defendant.

 Appeal by defendant from judgment entered 10 July 2018 by Judge Nathaniel

J. Poovey in Gates County Superior Court. Heard in the Court of Appeals 22 January

2020.

 Attorney General Joshua H. Stein, by Assistant Attorney General Terence Steed,
 for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily
 Holmes Davis, for defendant-appellant.

 YOUNG, Judge.

 Where defendant was sentenced for the offenses of assault with a deadly

weapon with intent to kill inflicting serious injury and assault by strangulation

arising from the same conduct, in violation of statutory mandate, the trial court erred

in sentencing defendant on the latter charge. We vacate that conviction, and remand

for resentencing.

 I. Factual and Procedural Background
 STATE V. PRINCE

 Opinion of the Court

 On 30 July 2016, Linda Prince (Linda) went to visit her daughters. After she

had been visiting for a short time, her husband, Robert Prince (defendant) arrived

and demanded that Linda return home, which she did.

 When they arrived, defendant began arguing with Linda at the kitchen table.

He was drinking whiskey from a bottle and pointing guns at her. He forced her to

call her father and tell him she was using drugs, called her father himself and insisted

that Linda had taken an entire bottle of Xanax, and forced Linda at gunpoint to write

a note saying goodbye to her loved ones. During this time, one of her daughters,

Janita Thomason (Thomason), called Linda multiple times. One phone call was

successful, and Linda confirmed that defendant was pointing a gun at her; no other

attempts by Thomason to reach Linda were successful.

 After she was unable to reach her mother again, Thomason rushed to the house

with her son and boyfriend. She knocked, and defendant let her in. Defendant was

sweaty and had blood on his clothes. She found Linda unconscious on the floor, with

her face covered in blood and her clothing ripped. Thomason attempted to call

emergency services, but defendant insisted that he did not want an ambulance or

police at his home. Defendant picked Linda up and took her out to Thomason’s car,

depositing the body on top of Thomason’s son in the backseat, and said, “carry the

bitch and dump her in a ditch.”

 -2-
 STATE V. PRINCE

 Opinion of the Court

 En route to the nearest hospital, Thomason encountered a State Highway

Patrol Trooper, who provided emergency aid and called for an ambulance. Linda was

ultimately taken to a hospital, where she spent three days in recovery. She suffered

a bruises around her neck, brain bleed, multiple contusions, and burst blood vessels

in her eyes. She could not bend over for six weeks due to concerns it would exacerbate

her brain bleed.

 Defendant was indicted by the Gates County Grand Jury for assault with a

deadly weapon with intent to kill inflicting serious injury, assault by strangulation,

and assault inflicting serious bodily injury. At the close of all the evidence, the State

voluntarily dismissed the charge of assault inflicting serious bodily injury. The jury

returned verdicts finding defendant guilty of the remaining two charges. The trial

court consolidated the two offenses for judgment, and sentenced defendant to a

minimum of 73 and a maximum of 100 months in the custody of the North Carolina

Department of Adult Correction.

 Defendant appeals.

 II. Standard of Review

 “[W]hen a trial court acts contrary to a statutory mandate, the defendant’s

right to appeal is preserved despite the defendant’s failure to object during trial.”

State v. Jamison, 234 N.C. App. 231, 237, 758 S.E.2d 666, 671 (2014) (citations and

 -3-
 STATE V. PRINCE

 Opinion of the Court

quotation marks omitted). “Issues of statutory construction are questions of law,

reviewed de novo on appeal.” Id. at 238, 758 S.E.2d at 671 (citation and quotation

marks omitted).

 III. Statutory Compliance

 In his sole argument on appeal, defendant contends that the trial court erred

in entering judgment and conviction on the charge of assault by strangulation when

defendant was also convicted on the greater charge of assault with a deadly weapon

with intent to kill inflicting serious injury. We agree.

 The two charges which proceeded to the jury were assault with a deadly

weapon with intent to kill inflicting serious injury and assault by strangulation. The

former is defined by statute as a Class C felony. N.C. Gen. Stat. § 14-32(a) (2019).

The latter is defined by statute as a Class H felony. N.C. Gen. Stat. § 14-32.4(b)

(2019). However, the statute on assault by strangulation contains a caveat: the

statute applies “[u]nless the conduct is covered under some other provision of law

providing greater punishment[.]” Id. On appeal, defendant contends that, because

the conduct was covered under the statutory definition of assault with a deadly

weapon with intent to kill inflicting serious injury – a Class C felony, and thus a

greater punishment – it was error in violation of statutory mandate for the trial court

to sentence defendant on assault by strangulation.

 -4-
 STATE V. PRINCE

 Opinion of the Court

 Defendant is correct in principle. This Court has held that, where the same

conduct gave rise to charges of both assault with a deadly weapon with intent to kill

inflicting serious injury and assault inflicting serious bodily injury – the latter of

which contains the same “other provision of law” caveat – the trial court violated

double jeopardy in sentencing the defendant on both charges. State v. Ezell, 159 N.C.

App. 103, 110-11, 582 S.E.2d 679, 684-85 (2003). Indeed, this Court has long held

that it is “improper to have two bills of indictment and two offenses growing out of

this one episode” of assault. State v. Dilldine, 22 N.C. App. 229, 231, 206 S.E.2d 364,

366 (1974). Rather, the evidence must show that “two separate and distinct assaults

occurred” in order to support more than one charge. State v. McCoy, 174 N.C. App.

105, 116, 620 S.E.2d 863, 872 (2005), writ denied, disc. review denied, ___ N.C. ___,

628 S.E.2d 8 (2006).

 The State contends that the charges against defendant did not arise from a

single action. The indictment for assault with a deadly weapon with intent to kill

inflicting serious injury alleged that defendant assaulted Linda “with a series of

strikes with fists and hands, a deadly weapon, with the intent to kill, inflicting serious

injury.” In support of this charge, the State introduced evidence of Linda’s bodily

bruises, swollen black eyes, concussion, and brain injuries. By contrast, the

indictment for assault by strangulation alleges that defendant assaulted Linda “and

 -5-
 STATE V. PRINCE

 Opinion of the Court

inflict[ed] serious injury, severe bruising to her neck and throat by strangulation with

his hands.” In support of this charge, the State introduced evidence of bruising,

handprints and fingerprints around Linda’s neck. Based upon this, the State

contends that the jury could properly find two separate assaults – one bodily assault

with fists, and one specific strangulation – to support two separate charges.

 To establish that two assaults occurred, the State must demonstrate that a

“distinct interruption” occurred between them. State v. Brooks, 138 N.C. App. 185,

189, 530 S.E.2d 849, 852 (2000). It is here that the State’s argument fails. The record

does not reveal that there was a “distinct interruption” between two assaults. Indeed,

the State’s evidence tends to suggest that Linda’s injuries were the result of a single,

if prolonged, assaultive act. Nor does the State cite any specific evidence of a distinct

interruption, instead relying upon the different nature of Linda’s injuries to suggest

different acts which may have caused them.

 Moreover, there is an abundance of case law to suggest that these two assaults

were in fact one assault, a single transaction resulting in multiple, albeit horrific,

injuries. For example, in State v. Williams, the evidence tended to show that the

defendant struck the victim, pushed his knee into her pelvic bone and pressed against

her throat, then put his foot on her neck and pressed down, while putting his other

foot on her rib cage until it popped. 201 N.C. App. 161, 168, 689 S.E.2d 412, 415

 -6-
 STATE V. PRINCE

 Opinion of the Court

(2009). The defendant was charged with assault inflicting serious bodily injury, a

Class F felony, and assault by strangulation, a Class H felony. On appeal, the

defendant contended that it was error to sentence him on both charges, due to the

“other provision of law” caveat. We agreed, holding that the defendant should “only

be sentenced for the higher of the two offenses, assault inflicting serious bodily

injury.” Id. at 174, 689 S.E.2d at 419. We therefore vacated the judgment on the

assault by strangulation charge, and remanded for resentencing.

 Similarly, in State v. McPhaul, we held that the defendant’s charges for assault

with a deadly weapon with intent to kill inflicting serious injury and assault inflicting

serious bodily injury arose from the same conduct, in that there was “no evidence of

a ‘distinct interruption’ in the assault.” ___ N.C. App. ___, ___, 808 S.E.2d 294, 306

(2017) (citation omitted), disc. review improvidently allowed, ___ N.C. ___, 818 S.E.2d

102 (2018). As a result, we held that the trial court erred in entering judgment on

the lesser of the two offenses, and vacated that judgment. Id.

 Our precedent is clear. In the absence of evidence that the assaults were in

fact two separate actions – that is, in the absence of evidence of a “distinct

interruption” in the assault – the evidence could only support a finding of a single

course of conduct, a single assault. As such, the two charges – assault with a deadly

weapon with intent to kill inflicting serious injury and assault by strangulation –

 -7-
 STATE V. PRINCE

 Opinion of the Court

arose from the same conduct. Because of the statutory language in the latter charge,

we hold that it was error for the trial court to sentence defendant on both charges.

We therefore vacate defendant’s conviction for assault by strangulation. Because the

two convictions were consolidated for judgment, we remand this matter to the trial

court for resentencing.

 VACATED AND REMANDED.

 Judge ZACHARY concurs.

 Judge BERGER dissents in separate opinion.

 -8-
 No. COA19-338 – State v. Prince

 BERGER, Judge, dissenting in separate opinion.

 Defendant argues that N.C. Gen. Stat. § 14-32.4(b) precludes conviction of

assault with a deadly weapon with intent to kill inflicting serious injury and assault

by strangulation.1 However, because strangulation and striking the victim in the face

with hands and fists is not the same “conduct,” I respectfully dissent.

 The plain language of Section 14-32.4(b) demonstrates that the legislature was

attempting to address a particular type of violent conduct inflicted upon a victim:

strangulation inflicting serious injury. However, if a defendant’s conduct in

strangling the victim also constituted a higher-level assault for which greater

punishment could be imposed, then Defendant could not be sentenced pursuant to

Section 14-32.4(b) and the higher-level offense. Applying a plain reading of the

statute to the facts of this case, Defendant’s argument fails. Hitting someone with

your fists is different conduct than strangling them.

 Assault by strangulation inflicting serious injury is a Class H felony “[u]nless

the conduct is covered under some other provision of law providing greater

punishment.” N.C. Gen. Stat. § 14-32.4(b) (2019) (emphasis added). This Court has

held that the prefatory clause in that section “indicates legislative intent to punish

certain offenses at a certain level, but that if the same conduct was punishable under

 1 Defendant did not argue in the trial court, nor does he argue on appeal, that double jeopardy
precludes his conviction and sentencing for assault by strangulation and assault with a deadly weapon
inflicting serious injury.
 STATE V. PRINCE

 BERGER, J., dissenting

a different statute carrying a higher penalty, defendant could only be sentenced for

that higher offense.” State v. Lanford, 225 N.C. App. 189, 197, 736 S.E.2d 619, 625

(2013) (emphasis in original) (citations and brackets omitted).

 This Court recently addressed this issue in State v. Dew, No. COA19-737, 2020

WL 1264021 (N.C. Ct. App. Mar. 17, 2020). In that case, this Court set forth the law

to be applied when analyzing issues of multiple assaults.

 “In order for a defendant to be charged with multiple
 counts of assault, there must be multiple assaults.’’ State
 v. McCoy, 174 N.C. App. 105, 115, 620 S.E.2d 863, 871
 (2005) (citation and quotation marks omitted). To establish
 that multiple assaults occurred, there must be “a distinct
 interruption in the original assault followed by a second
 assault[,] so that the subsequent assault may be deemed
 separate and distinct from the first.” State v. Littlejohn,
 158 N.C. App. 628, 635, 582 S.E.2d 301, 307 (2003)
 (purgandum). To determine whether Defendant’s conduct
 was distinct, we are to consider: (1) whether each action
 required defendant to employ a separate thought process;
 (2) whether each act was distinct in time; and (3) whether
 each act resulted in a different outcome. State v. Rambert,
 341 N.C. 173, 176-77, 459 S.E.2d 510, 513 (1995).

 In State v. Wilkes, 225 N.C. App. 233, 736 S.E.2d 582
 (2013), the defendant initially punched the victim in the
 face, breaking her nose, causing bruising to her face, and
 damaging her teeth. The victim’s son entered the room
 where the incident occurred with a baseball bat and hit the
 defendant. Id. at 235, 736 S.E.2d at 585. The defendant
 was able to secure the baseball bat from the child, and he
 began striking the victim with it. Id. at 235, 736 S.E.2d at
 585. The defendant’s actions in the subsequent assault
 “crushed two of [the victim]’s fingers, broke[] bones in her
 forearms and her hands, and cracked her skull.” Id. at 235,
 736 S.E.2d at 585.

 -2-
 STATE V. PRINCE

 BERGER, J., dissenting

 This Court, citing our Supreme Court in Rambert,
 determined that there was not a single transaction, but
 rather “multiple transactions,” stating, “[i]f the brief
 amount of thought required to pull a trigger again
 constitutes a separate thought process, then surely the
 amount of thought put into grabbing a bat from a twelve-
 year-old boy and then turning to use that bat in beating a
 woman constitutes a separate thought process.” Wilkes,
 225 N.C. App. at 239-40, 736 S.E.2d at 587.

 In State v. Harding, 258 N.C. App. 306, 813 S.E.2d 254,
 263, writ denied, review denied, 371 N.C. 450, 817 S.E.2d
 205 (2018), this Court again applied the “separate-and-
 distinct-act analysis” from Rambert, and found multiple
 assaults “based on different conduct.” Id. at 317, 813 S.E.2d
 at 263. There, the defendant “grabb[ed the victim] by her
 hair, toss[ed] her down the rocky embankment, and
 punch[ed] her face and head multiple times.” Id. at 317,
 813 S.E.2d at 263. The defendant also pinned down the
 victim and strangled her with his hands. This Court
 determined that multiple assaults had occurred because
 the “assaults required different thought processes.
 Defendant’s decisions to grab [the victim]’s hair, throw her
 down the embankment, and repeatedly punch her face and
 head required a separate thought process than his decision
 to pin down [the victim] while she was on the ground and
 strangle her throat to quiet her screaming.” Id. at 317-18,
 813 S.E.2d at 263. This Court also concluded that the
 assaults were distinct in time, and that the victim
 sustained injuries to different parts of her body because
 “[t]he evidence showed that [the victim] suffered two black
 eyes, injuries to her head, and bruises to her body, as well
 as pain in her neck and hoarseness in her voice from the
 strangulation.” Id. at 318, 813 S.E.2d at 263.

Id.

 The majority acknowledges that there were two assaults, but concludes that

Defendant’s conduct in striking the victim with his fists and hands is the same

 -3-
 STATE V. PRINCE

 BERGER, J., dissenting

conduct as strangling the victim.2 However, the majority reaches this result without

conducting a Rambert analysis, or discussing that decision from our Supreme Court.

Instead, the majority relies on State v. Williams, 201 N.C. App. 161, 689 S.E.2d 412

(2009), which also failed to discuss Rambert, and State v. McPhaul, 256 N.C. App.

303, 808 S.E.2d 294 (2017), which involved a robbery with a baseball bat in which the

victim was struck three times in succession.

 In the present case, the victim was unable to recall many of the details due to

the severity of her injuries that resulted from Defendant’s conduct. However, the

evidence at trial tended to show that Defendant severely beat the victim in the face

using both of his fists. The State introduced the victim’s “Prehospital Care Report”

without objection. This exhibit, which was published to the jury, contained the

following statement: an EMT “stepped out of the ambulance to talk to one of the

daughters and they stated they had tried to call [the victim] for an hour and went

over to [the victim’s] house and found [Defendant] over top of her beating her with

his fists.” (Emphasis added). The victim suffered significant bruising and swelling to

the left side of her face, among other injuries. The State also introduced into evidence

several photographs which showed the victim’s external injuries. State’s Exhibits 5,

6, 7, and 8 showed bruising and swelling to the victim’s left eye.

 2 Per the majority opinion, “these two assaults were in fact one assault.”

 -4-
 STATE V. PRINCE

 BERGER, J., dissenting

 At some point, Defendant stopped punching the victim in the face with both

hands, and he began to strangle her. State’s Exhibits 5, 6, 9, and 10 showed a

handprint, bruising, and abrasions to the left side of the victim’s neck.

 Based on this evidence, Defendant’s conduct in assaulting the victim with both

fists was different and distinct from his conduct in strangling the victim. First, the

two actions required different thought processes. Defendant’s decision to strike the

victim repeatedly in the face required a different thought process from his decision to

place his hand upon her throat and strangle her to the point of vomiting. In addition,

these two assaults were distinct in time because Defendant had to cease punching

the victim in the face with both fists in order to carry out the assault by strangulation.

Finally, the injuries sustained by the victim were to different body parts. The injuries

from the assault with a deadly weapon inflicting serious injury caused visible injury

to the victim’s face, especially her left eye, while her neck clearly showed a handprint

and bruising resulting from the assault by strangulation. Based on these factors, as

established by Rambert, Defendant assaulted the victim multiple times.

 In addition, the trial court instructed the jury on two assaults arising from

Defendant’s differing conduct. Defendant was indicted for assaulting the victim and

“inflict[ing] serious injury, severe bruising to [the victim’s] neck and throat[,] by

strangulation with his hands.” With regard to that offense, the trial court instructed

the jury as follows:

 -5-
 STATE V. PRINCE

 BERGER, J., dissenting

 Defendant has also been charged with assault inflicting
 physical injury by strangulation. For you to find the
 defendant guilty of this offense, the State must prove two
 things beyond a reasonable doubt. First, that the defendant
 assaulted [the victim] by intentionally strangling her, and,
 second, that the defendant inflicted physical injury upon
 [the victim]. If you find from the evidence beyond a
 reasonable doubt that on or about the alleged date, the
 defendant intentionally assaulted [the victim] inflicting
 physical injury by strangulation, it would be your duty to
 return a verdict of guilty to that charge. If you do not so
 find or if you have a reasonable doubt as to one or more of
 these things, it would be your duty to return a verdict of
 not guilty to that charge.

(Emphasis added).

 Defendant was also indicted for assault with a deadly weapon inflicting serious

injury pursuant to N.C. Gen. Stat. § 14-32 for assaulting the victim “with a series of

strikes with fists and hands.” The trial court instructed the jury that to find

Defendant guilty of assault with a deadly weapon inflicting serious injury, the jury

was required to find

 beyond a reasonable doubt that on or about the alleged
 date, the defendant intentionally struck [the victim] with
 his fists or hands and that the defendant's fists or hands
 were deadly weapons and that the defendant inflicted
 serious injury upon [the victim.]

 Thus, there was no error because the conduct at issue here, an assault by

intentionally strangling the victim, is not the same conduct as intentionally striking

the victim with fists or hands.

 -6-