STATE OF NORTH CAROLINA v. JEROME CANNON McCOY, Defendant

No. COA04-1336

(Filed 18 October 2005)

**1. Evidence— prior crimes or bad acts—assault inflicting serious injury**

The trial court erred in an assault case by admitting and publishing to the jury evidence of a prior conviction for assault inflicting serious injury, and the case is remanded for a new trial, because: (1) the bare fact of a defendant's prior conviction would rarely, if ever, be probative of any legitimate Rule 404(b) purpose and the facts, and it is the circumstances underlying

such a conviction that hold probative value; and (2) the bare fact of the nontestifying defendant's prior conviction was admitted and published to the jury in the instant case after testimony had been elicited to establish the factual basis underlying the conviction.

**2. Assault— instruction—deadly weapon as a matter of law— knife**

The trial court did not err or commit plain error by instructing the jury that a knife is a deadly weapon as a matter of law for the charge of assault with a deadly weapon inflicting serious injury given the evidence of the knife's use and the injuries produced.

**3. Assault— deadly weapon inflicting serious injury—failure to instruct on lesser-included offenses**

The trial court erred by failing to instruct the jury on the lesser-included offenses of assault with a deadly weapon and assault inflicting serious injury for the charge of assault with a deadly weapon inflicting serious injury, because: (1) the jurors were not instructed that defendant's hands were deadly weapons per se, but rather they were asked to determine whether defendant's hands became deadly weapons as used in the alleged assault; (2) there was no way to ascertain what verdict the jury might have reached had it been given an alternative which did not include the use of a deadly weapon; and (3) assault with a deadly weapon does not require the victim to suffer serious injury, and the victim in the instant case did not seek medical treatment nor does the record contain any evidence of pain, blood loss, or time lost from work as a result of the injuries.

**4. Assault— deadly weapon inflicting serious injury—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of assault with a deadly weapon inflicting serious injury because the State's evidence, including documents from the domestic violence hearing that were admitted as substantive evidence, tended to show that defendant stabbed the victim five times with a knife causing wounds still visible some eight weeks after the assault, which adequately supported an inference that defendant assaulted the victim with a deadly weapon.

**5. Kidnapping— second-degree—motion to dismiss—sufficiency of evidence—restraint**

The trial court did not err by denying defendant's motion to dismiss the second-degree kidnapping charges arising from the events of 18 November and 25 December 2002 even though defendant contends there was insufficient evidence of restraint, because: (1) hospital staff testified that defendant restrained the victim by refusing to allow her to seek medical treatment for a broken arm on or around 18 November 2002; and (2) an officer also testified that on 26 December 2002 the victim told him that defendant had been holding her against her will for days and would not let her contact her family.

**6. Constitutional Law— double jeopardy—assault**

The trial court violated defendant's right to be free of double jeopardy when it sentenced him in 03 CRS 79519 for both assault with a deadly weapon inflicting serious injury and assault inflicting serious injury, and in 03 CRS 71958 for both assault inflicting serious bodily injury and assault with a deadly weapon inflicting serious injury, because: (1) N.C.G.S. § 14-33(c)(1) provides, just as N.C.G.S. § 14-32.4 does, that the section does not apply if the conduct is covered under some other provision of law providing greater punishment; and (2) although the evidence establishes assaults on two different days, it does not establish that two separate and distinct assaults occurred on each of the dates in question as opposed to multiple injuries arising from a single continuous transaction.

**7. Sentencing— aggravating factors—failure to submit to jury**

The trial court erred in an assault inflicting serious bodily injury, double assault inflicting serious injury, double assault with a deadly weapon, and double second-degree kidnapping case by imposing an aggravated sentence when no aggravating factor was admitted by defendant or found by the jury. Defendant would be entitled to a new sentencing hearing if defendant were not already awarded a new trial on other grounds.

**8. Constitutional Law— effective assistance of counsel—failure to show deficiency**

Defendant did not receive ineffective assistance of counsel in an assault inflicting serious bodily injury, double assault inflicting serious injury, double assault with a deadly weapon, and double second-degree kidnapping case by allegedly requesting the court

to impose consecutive sentences on defendant, because: (1) the record indicates that defense counsel did not, in fact, request consecutive sentences; and (2) defendant failed to demonstrate how his counsel's performance was deficient.

Appeal by defendant from judgments entered 4 March 2004 by Judge Ripley E. Rand in the Superior Court in Guilford County. Heard in the Court of Appeals 18 May 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General Karen S. Long, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Charlesena Elliott Walker, for defendant.*

HUDSON, Judge.

On 7 July 2003, a grand jury in Guilford County indicted defendant, Jerome Cannon McCoy, for three counts each of assault inflicting serious injury, assault with a deadly weapon inflicting serious injury, and second-degree kidnaping. At the 23 February 2004 criminal session of the Superior Court in Guilford County, the court dismissed one count each of assault with a deadly weapon inflicting serious injury and second-degree kidnaping. A jury found defendant guilty of one count of assault inflicting serious bodily injury, two counts of assault inflicting serious injury, two counts of assault with a deadly weapon, and two counts of second-degree kidnaping. Based on its findings of aggravating factors, the court sentenced defendant to consecutive terms of imprisonment totaling more than sixteen years with credit for time served. Defendant appeals. For the reasons discussed below, we conclude that defendant is entitled to a new trial on all charges.

The State's evidence tended to show that sometime after Christmas 2002, Melanie Hope Hunt gave a written statement to Greensboro police stating that defendant had severely beaten her and restrained her against her will over the course of the past month and half. Hunt reported that between 9 through 13 November 2002, the defendant stabbed her five times with such force that the knife became stuck in one of her arms. She further stated that the defendant punched her so hard that she struck a wall, leaving an imprint and forcing the pair to move to a different motel.

Hunt told police that on 17 or 18 November 2002, the defendant beat her in the face, and twisted her arm until it fractured. After ini-

tially refusing to take her to get medical treatment, defendant ultimately agreed to take Hunt to a hospital in High Point. Defendant instructed her to tell hospital staff that she had fallen out of the attic and broken her arm and that the stab wounds were puncture wounds she received trying to climb over a fence. Hunt further stated that on 24 and 25 December 2002, defendant beat her, threw her to floor on her broken arm, hit her in the stomach and back, and whipped her legs with a belt. She stated that on 25 December 2002 defendant would not allow her to see her family, and threatened to beat her each time she requested to go.

At trial, Hunt admitted writing these statements, but insisted that they were not true. She testified that she had written them only because she had caught the defendant in bed with another woman, and that she had written affidavits three different times asking the State to dismiss all the charges.

The State introduced expert medical testimony from the physician who treated Hunt at High Point Regional Hospital on 19 November 2002. Dr. Kevin Largen testified that Hunt's fractured arm was inconsistent with a fall from an attic, and more likely was caused by a twisting of the bone. He also noted that Hunt had bruises of different ages and a large abrasion on the upper part of her right arm. Based on Hunt's inconsistent statements and her delay in seeking treatment, Dr. Largen concluded that Hunt was a victim of domestic violence and contacted hospital social worker Karen Chance. Mrs. Chance testified that Hunt told her that defendant had been beating her regularly for the past twelve years and that he refused to get her treatment in Greensboro because she was a known victim of abuse at the hospitals there.

Officer S.V. Petteway of the Greensboro Police Department testified that on 26 December 2002 Hunt approached him at the Dollar General Store on High Point Road. He testified that as soon as Hunt began talking to him the defendant fled the store. Hunt told the officer that the defendant had been holding her for days, would not let her contact her family, had beaten her constantly and broken her arm. Officer Petteway took Hunt to her grandmother's house in Randolph County where she was admitted into a domestic violence shelter. Shelter manager Dolly Weeks testified that Hunt had told her that defendant had beaten her, broken her arm, and stabbed her five times.

[1] Defendant argues that the trial court committed reversible error when it admitted and published to the jury evidence of a prior conviction for assault inflicting serious injury. He contends that the admission of such evidence was improper under N.C.R. Evid. 404(b) and was inherently prejudicial under the holding in *State v. Wilkerson*, 356 N.C. 418, 418, 571 S.E.2d 583, 583, *adopting per curiam*, 148 N.C. App. 310, 319, 559 S.E.2d 5, 10-11 (2002) (Wynn, J., dissenting). We agree.

Under Rule 404(b), evidence of a defendant's other · crimes, wrongs or acts is inadmissible to show that the defendant acted in conformity therewith, but may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2002). In contrast to Rule 404(b), Rule 609 allows for the admission of a prior conviction for the limited purpose of impeaching a defendant's credibility as a witness if the evidence of the convictions is "elicited from the witness or established by public record during cross-examination or thereafter." N.C. Gen. Stat. § 8C-1, Rule 609(a) (2002).

Our courts have held that the distinction between Rule 404(b) and Rule 609 may not be blurred. *Wilkerson*, 148 N.C. App at 319, 559 S.E.2d 5, 11. This distinction is crucial because "the bare fact of a defendant's prior conviction would rarely, if ever, be probative of any legitimate Rule 404(b) purpose; instead, it is the facts and circumstances underlying such a conviction which hold probative value." *Id.* Further, "even if a conviction, in and of itself, held a scintilla of probative value for Rule 404(b) purposes, the inherent prejudicial effect of such a conviction would substantially outweigh its probativity, mandating its exclusion under Rule 403." *Id.* at 319-20, 559 S.E.2d at 11.

In *Wilkerson*, "testimony [from two law enforcement officers] concerning defendant's prior crimes . . . was admitted under Rule 404(b) to show defendant's intent and knowledge with respect to the charged drug offenses." *Id.* at 323, 559 S.E.2d at 13. A deputy clerk of court then testified that defendant had prior convictions on several drug charges. *Id.* at 311, 559 S.E.2d at 6. The trial court admitted both the officers' and the clerk's testimony under Rule 404(b). The defendant did not testify or present evidence. *Id.* at 312, 559 S.E.2d at 6. In his dissent, adopted by our Supreme Court, Judge Wynn noted that the defendant must be granted a new trial because:

STATE v. McCOY

[174 N.C. App. 105 (2005)]

admitting the bare fact of a defendant's prior conviction, except in cases where our courts have recognized a categorical exception to the general rule . . ., violates Rule 404(b) . . . as well as Rule 403, as the bare fact of a prior conviction is *inherently* prejudicial such that any probative value of the conviction is substantially outweighed by the danger of unfair prejudice.

*Id.* at 327-28, 559 S.E.2d 5, 16 (emphasis supplied).

Here, the State elicited the testimony of Greensboro Police Officer Wall, who described the underlying facts of an assault committed by the defendant upon Hunt in 1995. However, he did not testify that this assault resulted in a criminal conviction. Following Officer Wall's testimony, the State introduced a certified copy of defendant's criminal conviction for assault inflicting serious injury resulting from the events described by Officer Wall. The trial court admitted both the testimony and the exhibit under Rule 404(b). Defendant did not testify.

While the trial court properly admitted Officer Wall's testimony under Rule 404(b), it erred in admitting the evidence of defendant's prior conviction pursuant to Rule 404(b). As in *Wilkerson*, the bare fact of a non-testifying defendant's prior conviction was admitted and published to the jury under Rule 404(b) after testimony had been elicited to establish the factual basis underlying that conviction. Because we are unable to distinguish this case from *Wilkerson*, we conclude that the trial court committed prejudicial error entitling defendant to a new trial.

Although we grant defendant a new trial as discussed above, we also address defendant's other assignments of error which could arise in a new trial.

[2] Defendant next contends that the trial court erred when it instructed the jury, in case No. 03 CRS 51797 ("Count Two"), that a knife is a deadly weapon as a matter of law for the charge of assault with a deadly weapon inflicting serious injury arising out of the events of 6 November 2002. Defendant did not to object to these instructions, but he did assign plain error to them. Accordingly, we review this assignment of error under the plain error standard. *State v. Lowe*, 150 N.C. App. 682, 685, 564 S.E.2d 313, 315 (2002).

The plain error review requires this Court to review "fundamental errors or defects in jury instructions affecting substantial rights,

which were not brought to the attention of the trial court." To obtain relief under this rule, the defendant "must show that the omission was error, and that, in light of the record as a whole, the error had a probable impact on the verdict." *State v. Bell*, 87 N.C. App. 626, 634-35, 362 S.E.2d 288, 293 (1987).

The defendant contends that it was improper to instruct the jury that a knife was a deadly weapon as a matter of law. A deadly weapon is not one that must kill, but rather one that is likely to cause death or great bodily harm. *State v. Jones*, 353 N.C. 159, 164, 538 S.E.2d 917, 922 (2000). The definition of "deadly weapon" can encompass most knives, but evidence in each case determines whether a specific knife is properly characterized as lethal. *State v. Sturdivant*, 304 N.C. 293, 301, 283 S.E.2d 719, 725-26 (1981).

"Whether a weapon is deadly is generally a decision for the court . . . ." *State v. Roper*, 39 N.C. App. 256, 257, 249 S.E.2d 870, 871 (1978). Only "where the instrument, according to the manner of its use or the part of the body at which the blow is aimed, may or may not be likely to produce such results, its allegedly deadly character is one of fact to be determined by the jury." *State v. Joyner*, 295 N.C. 55, 64-65, 243 S.E.2d 367, 373-74 (1978) (internal citations omitted) (discussing a Pepsi-Cola bottle). "It has long been the law of this state that '[w]here the alleged deadly weapon and the manner of its use are of such character as to admit of but one conclusion, the question as to whether or not it is deadly . . . is one of law, and the Court must take the responsibility of so declaring.' " *State v. Torain*, 316 N.C. 111, 119, 340 S.E.2d 465, 470 (1986) (quoting *State v. Smith*, 187 N.C. 469, 470, 121 S.E. 737, 737 (1924)), *cert. denied* 479 U.S. 836, 93 L. Ed. 2d 77 (1986) (emphasis in original omitted).

At trial, the State introduced statements made by Hunt during the restraining order proceedings, in which she stated that on or about 2 November through 5 November 2002, "Jerome McCoy stabbed me twice on my right upper arm, twice on my right leg . . . and once on my left (upper arm) [and] the knife got stuck in that arm." Shelter manager Dolly Weeks testified that these wounds were still visible on 26 December 2002. Defendant presented no conflicting evidence as to the nature of the knife or its manner of use. Taking the evidence of the knife's use and the injuries produced, we cannot conclude the trial court committed error, let alone plain error, when it instructed the jury that the knife used by defendant was a deadly weapon as a matter of law.

**[3]** Defendant also argues that the court erred when it failed to instruct the jury in 03 CRS 51798 on the lesser included offenses of assault with a deadly weapon and assault inflicting serious injury for the charge of assault with a deadly weapon inflicting serious injury for the events of 18 November 2002. We agree.

A trial judge is required to "submit lesser included offenses as possible verdicts, even in the absence of a request by the defendant, where sufficient evidence of the lesser offense was presented at trial." *Lowe*, 150 N.C. App. at 686, 564 S.E.2d at 316. In *Lowe*, on facts similar to those here, this Court held that it was plain error for the trial judge not to submit misdemeanor assault as a lesser included offense of assault with a deadly weapon inflicting serious injury. *Id.* at 687, 564 S.E.2d at 316. The court in *Lowe* held that where the weapon used by the defendant could not properly be considered deadly as a matter of the law, the trial court should have given the jury the option to convict of an offense that did not require a deadly weapon. *Id.*

Here, the State presented evidence that tended to show that on or around 18 November 2002 defendant used his hands to twist Hunt's arm until it broke. The jurors were not instructed that defendant's hands were deadly weapons *per se,* but rather they were asked to determine whether defendant's hands became deadly weapons as used in the alleged assault on Hunt. Consequently, "[t]here is simply no way to ascertain what verdict the jury might have reached had they been given an alternative which did not include the use of a deadly weapon." *State v. Bell,* 87 N.C. App. at 635, 362 S.E.2d at 293 (holding that the failure to instruct on the lesser included offense of misdemeanor assault inflicting serious injury constituted plain error).

The court also erred by omitting from the instructions on the events of 18 November 2002, the lesser included offense of assault with a deadly weapon, which does not require that the victim suffer serious injury. A defendant "is entitled to an instruction on lesser included offenses if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *State v. Leazer,* 353 N.C. 234, 237, 539 S.E.2d 922, 924 (2000). "[W]hether a serious injury has been inflicted depends upon the facts of each case and is generally for the jury to decide under appropriate instructions." *State v. Hedgepeth,* 330 N.C. 38, 53, 409 S.E.2d 309, 318 (1991), *cert. denied,* 529 U.S. 1006, 146 L. Ed. 2d 223 (2000). "Pertinent factors for jury consideration include hospitaliza-

tion, pain, blood loss, and time lost at work." *State v. Woods*, 126 N.C. App. 581, 592, 486 S.E.2d 255, 261 (1997). Here, Hunt did not seek medical treatment (allegedly because defendant would not allow her to do so), and the record does not contain any evidence of pain, blood loss or time lost from work as a result of her injuries. Because the jury could rationally have found defendant guilty of assault with a deadly weapon, the court erred by not instructing on that offense.

**[4]** Defendant also argues that the trial court erred when it denied his motion to dismiss the charge of assault with a deadly weapon inflicting serious injury for the events of 6 November 2002. We disagree.

The standard of review on a motion to dismiss is well established. When ruling on a motion to dismiss the trial court must determine whether the State has introduced substantial evidence of each essential element of the crime and of the defendant being the perpetrator. *State v. Smith*, 357 N.C. 604, 615-16, 588 S.E.2d 453, 461 (2003), *cert. denied*, 124 U.S. 2915, 159 L. Ed. 2d 819 (2004) (internal citations and quotation marks omitted). Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion. *Id.* In reaching its decision, the trial court must consider the evidence in the light most favorable to the State giving the State the benefit of every reasonable inference. *Id.*

Defendant argues that the State presented no substantive evidence that the knife was a dangerous or deadly weapon, which is an essential element of assault with a deadly weapon inflicting serious injury. *See* N.C. Gen. Stat. § 14-32(b) (2003). Instead, defendant maintains that the only evidence of the nature of the knife and its manner of use was in the prior inconsistent statements of Hunt which were not offered as substantive evidence. The State's evidence, including the documents from the domestic violence hearing which were admitted as substantive evidence, tended to show that the defendant stabbed Hunt five times with a knife causing wounds still visible some eight weeks after the assault. This evidence could adequately support an inference by the jury that the defendant assaulted Hunt with a deadly weapon. Thus, the court did not err in denying the defendants motion to dismiss the charge of assault with a deadly weapon inflicting serious injury.

**[5]** Defendant also argues that the trial court erred in denying his motion to dismiss the second-degree kidnaping charges arising from the events of 18 November (03 CRS 071958) and 25 December 2002 (03 CRS 071959). We disagree.

The defendant's contention based on insufficiency of the evidence of restraint also fails. *See State v. Smith,* 160 N.C. App. 107, 119, 584 S.E.2d 830, 838 (2003) ("The offense of kidnaping is established upon proof of an unlawful, nonconsensual restraint, confinement or removal of a person from one place to another, for the purpose of: (1) holding the person for ransom, as a hostage or using them as a shield; (2) facilitating flight from or the commission of any felony; or (3) terrorizing or doing serious bodily harm to the person. See G.S. § 14-39(a).") Again defendant argues that the only evidence on this point was in the prior inconsistent statements of Hunt, which were not substantive evidence. However, staff from High Point Regional Hospital testified that defendant restrained Hunt by refusing to allow her to seek medical treatment for a broken arm on or around 18 November 2002. Officer Petteway also testified that on 26 December 2002 Hunt told him that the defendant had been holding her against her will for days and would not let her contact her family. In the light most favorable to the State, this and other evidence was sufficient to support the trial court's denial of defendant's motion to dismiss the charges of second-degree kidnaping.

**[6]** Defendant next argues that the court violated his right to be free of double jeopardy when it sentenced him in 03 CRS 79519 for both assault with a deadly weapon inflicting serious injury and assault inflicting serious injury, and in 03 CRS 71958 for both assault inflicting serious bodily injury and assault with a deadly weapon inflicting serious injury. Again, we agree.

Double jeopardy is prohibited both by the Fifth Amendment to the United States Constitution and by our State's common law. *State v. Ezell,* 159 N.C. App. 103, 106, 582 S.E.2d 679, 682 (2003) (citing *State v. Ballard,* 280 N.C. 479, 482, 186 S.E.2d 372, 373 (1972)). "The double jeopardy clause prohibits (1) a second prosecution for the same offenses after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple convictions for the same offense." *Id.* Defendant contends that he has been made subject to multiple convictions of assault for the same offense. "In order for a defendant to be charged with multiple counts of assault, there must be multiple assaults." *State v. Maddox,* 159 N.C. App. 127, 132, 583 S.E.2d 601, 604 (2003) citing *State v. Brooks,* 138 N.C. App. 185, 189, 530 S.E.2d 849, 852 (2000)). "This requires evidence of 'a distinct interruption in the original assault followed by a second assault.' " *Id.* at 132, 583 S.E.2d at 604-05 (quoting *Brooks,* 138 N.C. App. at 189, 530 S.E.2d at 852).

The charges which defendant contends subjected him to double jeopardy are assault inflicting serious injury (pursuant to N.C. Gen. Stat. § 14-32.4) and assault with a deadly weapon inflicting serious injury (pursuant to N.C. Gen. Stat. § 14-32) for offenses on 6 November 2002, and assault inflicting serious injury and assault with a deadly weapon inflicting serious injury for offenses on 19 November 2002. The evidence tended to show that on 6 November defendant stabbed and beat the victim and threw her into a wall, while on 19 November, defendant struck the victim with his hands causing multiple bruises and abrasions and twisted her arm until it broke. In *Ezell*, the defendant was, as a result of a single incident, sentenced for assault with a deadly weapon with intent to kill inflicting serious injury under N.C. Gen. Stat. § 14-32(b) and assault inflicting serious bodily injury under N.C. Gen. Stat. § 14-32.4. This Court first observed that N.C. Gen. Stat. § 14-32.4 "makes an assault inflicting serious bodily injury a Class F felony 'unless the conduct is covered under some other provision of law providing greater punishment.'" *Ezell*, 159 N.C. App. at 110, 582 S.E.2d at 684 (quoting N.C. Gen. Stat. § 14-32.4). Because defendant's conviction under N.C. Gen. Stat. § 14-32(b) provided for greater punishment than N.C. Gen. Stat. § 14-32.4, this Court held that the trial court "cannot convict and sentence [a defendant] for both §§ 14-32 and 14-32.4 for the same conduct without violating the double jeopardy provisions of the United States and North Carolina constitutions." *Id.* at 111, 582 S.E.2d at 685.

In this case, with respect to 18 November 2002, defendant was convicted of assault with a deadly weapon inflicting serious injury under N.C. Gen. Stat. § 14-32(b) and assault inflicting serious bodily injury under N.C. Gen. Stat. § 14-32.4. This is precisely the same scenario found in *Ezell*. As for 6 November 2002, defendant was convicted of assault with a deadly weapon inflicting serious injury under N.C. Gen. Stat. § 14-32(b) and misdemeanor assault inflicting serious injury under N.C. Gen. Stat. § 14-33(c)(1). Because N.C. Gen. Stat. § 14-33(c)(1) provides—just as § 14-32.4 does—that the section should not apply if the "conduct is covered under some other provision of law providing greater punishment," the 6 November 2002 charges come under *Ezell* as well. Thus, we conclude we are bound by *Ezell*.

Here, we conclude that the evidence does establish assaults on two different days. However, it does not establish that two separate and distinct assaults occurred on each of the dates in question, as

opposed to multiple injuries arising from a single continuous transaction. Thus, the evidence supported one assault conviction per day.

**[7]** Defendant also argues that the court erred in imposing an aggravated sentence when no aggravating factor was alleged in the indictment, admitted by defendant, or found by the jury. In light of our Supreme Court's decision on this issue in *State v. Allen*, 359 N.C. 425, —— S.E.2d —— (2005) overruling *State v. Lucas*, 353 N.C. 568, 598, 548 S.E.2d 712, 732 (2001), we agree.

In *Allen*, our North Carolina Supreme Court considered the application of *Blakely v. Washington*, 542 U.S. 296, ——, 159 L. Ed. 2d 403, 412 (2004) to our State's Structured Sentencing Act. N.C. Gen. Stat. § 15A-1340 *et seq.* (2001). The Court held that:

> The United States Supreme Court has made clear that the Sixth Amendment requires aggravating sentencing factors, like elements, to be found by a jury beyond a reasonable doubt. *Blakely*, —— U.S. at ——, ——, 159 L. Ed. 2d at 413-14, 420. (See footnote 5) However, under North Carolina's current structured sentencing scheme, aggravating factors are completely withheld from jury review and are determined by a judge by a preponderance of the evidence. N.C.G.S. § 15A-1340.16. No impartial jury considers a defendant's evidence, arguments, and defenses during sentencing, *id.*, even when the aggravating factors advanced by the State are highly subjective in nature or disputed by the defendant. Moreover, aggravating factors are found to exist by a low standard of proof: a preponderance of the evidence. *Id.*

*Allen*, 359 N.C. at 444, —— S.E.2d at ——. The Court also concluded that "the harmless-error rule does not apply to sentencing errors which violate a defendant's Sixth Amendment right to jury trial pursuant to *Blakely*. Such errors are structural and, therefore, reversible *per se*." Id. at 444, —— S.E.2d at ——.

Here, the court sentenced defendant to the maximum aggravated range terms of imprisonment based on its finding of two aggravating factors: "the defendant committed the offense while on pretrial release for another charge" and "long and severe history of domestic violence perpetrated by Defendant on victim Melanie Hunt (12 years)." Even if we were not awarding defendant a new trial, he would be entitled to a new sentencing hearing on this basis.

**[8]** Defendant also argues that he received ineffective assistance of counsel in connection with his sentencing. We disagree.

"To establish ineffective assistance of counsel a defendant must first show that his defense counsel's performance was deficient.' " *State v. Poindexter*, 359 N.C. 287, 290-91, 608 S.E.2d 761, 764 (2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984)). Defendant contends that his trial counsel requested that the court impose consecutive sentences on defendant, an action for which defendant asserts his counsel could not have had a valid reason. The record indicates that defense counsel did not, in fact, request consecutive sentences. Instead, he asked that defendant's four convictions for Class F felonies be consolidated into a single mitigated sentence, to be followed by one consolidated "intermediate sentence" pursuant to N.C. Gen. Stat. § 7A-771 (3a) which would include anger management treatment, but no active jail time. Because defendant does not demonstrate how his defense counsel's performance was deficient, we conclude that this assignment of error has no merit.

Defendant also assigns error to the court's use of the disjunctive in instructing the jury on the charge of assault with a deadly weapon inflicting serious injury in 03 CRS 71957. Because we have awarded defendant a new trial on other grounds, we do not address this assignment of error.

New trial.

Judges HUNTER and GEER concur.