IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-338

Filed: 5 May 2020

Gates County, Nos. 16 CRS 50176-77

STATE OF NORTH CAROLINA

v.

ROBERT PRINCE, Defendant.

Appeal by defendant from judgment entered 10 July 2018 by Judge Nathaniel J. Poovey in Gates County Superior Court. Heard in the Court of Appeals 22 January 2020.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Terence Steed, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily Holmes Davis, for defendant-appellant.*

YOUNG, Judge.

Where defendant was sentenced for the offenses of assault with a deadly weapon with intent to kill inflicting serious injury and assault by strangulation arising from the same conduct, in violation of statutory mandate, the trial court erred in sentencing defendant on the latter charge. We vacate that conviction, and remand for resentencing.

## I. Factual and Procedural Background

On 30 July 2016, Linda Prince (Linda) went to visit her daughters. After she had been visiting for a short time, her husband, Robert Prince (defendant) arrived and demanded that Linda return home, which she did.

When they arrived, defendant began arguing with Linda at the kitchen table. He was drinking whiskey from a bottle and pointing guns at her. He forced her to call her father and tell him she was using drugs, called her father himself and insisted that Linda had taken an entire bottle of Xanax, and forced Linda at gunpoint to write a note saying goodbye to her loved ones. During this time, one of her daughters, Janita Thomason (Thomason), called Linda multiple times. One phone call was successful, and Linda confirmed that defendant was pointing a gun at her; no other attempts by Thomason to reach Linda were successful.

After she was unable to reach her mother again, Thomason rushed to the house with her son and boyfriend. She knocked, and defendant let her in. Defendant was sweaty and had blood on his clothes. She found Linda unconscious on the floor, with her face covered in blood and her clothing ripped. Thomason attempted to call emergency services, but defendant insisted that he did not want an ambulance or police at his home. Defendant picked Linda up and took her out to Thomason's car, depositing the body on top of Thomason's son in the backseat, and said, "carry the bitch and dump her in a ditch."

-2-

En route to the nearest hospital, Thomason encountered a State Highway Patrol Trooper, who provided emergency aid and called for an ambulance. Linda was ultimately taken to a hospital, where she spent three days in recovery. She suffered a bruises around her neck, brain bleed, multiple contusions, and burst blood vessels in her eyes. She could not bend over for six weeks due to concerns it would exacerbate her brain bleed.

Defendant was indicted by the Gates County Grand Jury for assault with a deadly weapon with intent to kill inflicting serious injury, assault by strangulation, and assault inflicting serious bodily injury. At the close of all the evidence, the State voluntarily dismissed the charge of assault inflicting serious bodily injury. The jury returned verdicts finding defendant guilty of the remaining two charges. The trial court consolidated the two offenses for judgment, and sentenced defendant to a minimum of 73 and a maximum of 100 months in the custody of the North Carolina Department of Adult Correction.

Defendant appeals.

## II. Standard of Review

"[W]hen a trial court acts contrary to a statutory mandate, the defendant's right to appeal is preserved despite the defendant's failure to object during trial." *State v. Jamison*, 234 N.C. App. 231, 237, 758 S.E.2d 666, 671 (2014) (citations and

quotation marks omitted). "Issues of statutory construction are questions of law, reviewed de novo on appeal." *Id.* at 238, 758 S.E.2d at 671 (citation and quotation marks omitted).

### III. Statutory Compliance

In his sole argument on appeal, defendant contends that the trial court erred in entering judgment and conviction on the charge of assault by strangulation when defendant was also convicted on the greater charge of assault with a deadly weapon with intent to kill inflicting serious injury. We agree.

The two charges which proceeded to the jury were assault with a deadly weapon with intent to kill inflicting serious injury and assault by strangulation. The former is defined by statute as a Class C felony. N.C. Gen. Stat. § 14-32(a) (2019). The latter is defined by statute as a Class H felony. N.C. Gen. Stat. § 14-32.4(b) (2019). However, the statute on assault by strangulation contains a caveat: the statute applies "[u]nless the conduct is covered under some other provision of law providing greater punishment[.]" *Id.* On appeal, defendant contends that, because the conduct was covered under the statutory definition of assault with a deadly weapon with intent to kill inflicting serious injury – a Class C felony, and thus a greater punishment – it was error in violation of statutory mandate for the trial court to sentence defendant on assault by strangulation.

Defendant is correct in principle. This Court has held that, where the same conduct gave rise to charges of both assault with a deadly weapon with intent to kill inflicting serious injury and assault inflicting serious bodily injury – the latter of which contains the same "other provision of law" caveat – the trial court violated double jeopardy in sentencing the defendant on both charges. *State v. Ezell*, 159 N.C. App. 103, 110-11, 582 S.E.2d 679, 684-85 (2003). Indeed, this Court has long held that it is "improper to have two bills of indictment and two offenses growing out of this one episode" of assault. *State v. Dilldine*, 22 N.C. App. 229, 231, 206 S.E.2d 364, 366 (1974). Rather, the evidence must show that "two separate and distinct assaults occurred" in order to support more than one charge. *State v. McCoy*, 174 N.C. App. 105, 116, 620 S.E.2d 863, 872 (2005), *writ denied, disc. review denied, ___ N.C. ___, 628 S.E.2d 8 (2006).

The State contends that the charges against defendant did not arise from a single action. The indictment for assault with a deadly weapon with intent to kill inflicting serious injury alleged that defendant assaulted Linda "with a series of strikes with fists and hands, a deadly weapon, with the intent to kill, inflicting serious injury." In support of this charge, the State introduced evidence of Linda's bodily bruises, swollen black eyes, concussion, and brain injuries. By contrast, the indictment for assault by strangulation alleges that defendant assaulted Linda "and

inflict[ed] serious injury, severe bruising to her neck and throat by strangulation with his hands." In support of this charge, the State introduced evidence of bruising, handprints and fingerprints around Linda's neck. Based upon this, the State contends that the jury could properly find two separate assaults – one bodily assault with fists, and one specific strangulation – to support two separate charges.

To establish that two assaults occurred, the State must demonstrate that a "distinct interruption" occurred between them. *State v. Brooks*, 138 N.C. App. 185, 189, 530 S.E.2d 849, 852 (2000). It is here that the State's argument fails. The record does not reveal that there was a "distinct interruption" between two assaults. Indeed, the State's evidence tends to suggest that Linda's injuries were the result of a single, if prolonged, assaultive act. Nor does the State cite any specific evidence of a distinct interruption, instead relying upon the different nature of Linda's injuries to suggest different acts which may have caused them.

Moreover, there is an abundance of case law to suggest that these two assaults were in fact one assault, a single transaction resulting in multiple, albeit horrific, injuries. For example, in *State v. Williams*, the evidence tended to show that the defendant struck the victim, pushed his knee into her pelvic bone and pressed against her throat, then put his foot on her neck and pressed down, while putting his other foot on her rib cage until it popped. 201 N.C. App. 161, 168, 689 S.E.2d 412, 415

-6-

(2009). The defendant was charged with assault inflicting serious bodily injury, a Class F felony, and assault by strangulation, a Class H felony. On appeal, the defendant contended that it was error to sentence him on both charges, due to the "other provision of law" caveat. We agreed, holding that the defendant should "only be sentenced for the higher of the two offenses, assault inflicting serious bodily injury." *Id*. at 174, 689 S.E.2d at 419. We therefore vacated the judgment on the assault by strangulation charge, and remanded for resentencing.

Similarly, in *State v. McPhaul*, we held that the defendant's charges for assault with a deadly weapon with intent to kill inflicting serious injury and assault inflicting serious bodily injury arose from the same conduct, in that there was "no evidence of a 'distinct interruption' in the assault." ___ N.C. App. ___, ___, 808 S.E.2d 294, 306 (2017) (citation omitted), *disc. review improvidently allowed,* ___ N.C. ___, 818 S.E.2d 102 (2018). As a result, we held that the trial court erred in entering judgment on the lesser of the two offenses, and vacated that judgment. *Id*.

Our precedent is clear. In the absence of evidence that the assaults were in fact two separate actions – that is, in the absence of evidence of a "distinct interruption" in the assault – the evidence could only support a finding of a single course of conduct, a single assault. As such, the two charges – assault with a deadly weapon with intent to kill inflicting serious injury and assault by strangulation –

arose from the same conduct.  Because of the statutory language in the latter charge, we hold that it was error for the trial court to sentence defendant on both charges. We therefore vacate defendant's conviction for assault by strangulation.  Because the two convictions were consolidated for judgment, we remand this matter to the trial court for resentencing.

VACATED AND REMANDED.

Judge ZACHARY concurs.

Judge BERGER dissents in separate opinion.

BERGER, Judge, dissenting in separate opinion.

Defendant argues that N.C. Gen. Stat. § 14-32.4(b) precludes conviction of assault with a deadly weapon with intent to kill inflicting serious injury and assault by strangulation.[1] However, because strangulation and striking the victim in the face with hands and fists is not the same "conduct," I respectfully dissent.

The plain language of Section 14-32.4(b) demonstrates that the legislature was attempting to address a particular type of violent conduct inflicted upon a victim: strangulation inflicting serious injury. However, if a defendant's conduct in strangling the victim also constituted a higher-level assault for which greater punishment could be imposed, then Defendant could not be sentenced pursuant to Section 14-32.4(b) and the higher-level offense. Applying a plain reading of the statute to the facts of this case, Defendant's argument fails. Hitting someone with your fists is different conduct than strangling them.

Assault by strangulation inflicting serious injury is a Class H felony "[u]nless *the conduct* is covered under some other provision of law providing greater punishment." N.C. Gen. Stat. § 14-32.4(b) (2019) (emphasis added). This Court has held that the prefatory clause in that section "indicates legislative intent to punish certain offenses at a certain level, but that *if the same conduct* was punishable under

---

[1] Defendant did not argue in the trial court, nor does he argue on appeal, that double jeopardy precludes his conviction and sentencing for assault by strangulation and assault with a deadly weapon inflicting serious injury.

a different statute carrying a higher penalty, defendant could only be sentenced for that higher offense." *State v. Lanford*, 225 N.C. App. 189, 197, 736 S.E.2d 619, 625 (2013) (emphasis in original) (citations and brackets omitted).

This Court recently addressed this issue in *State v. Dew*, No. COA19-737, 2020 WL 1264021 (N.C. Ct. App. Mar. 17, 2020). In that case, this Court set forth the law to be applied when analyzing issues of multiple assaults.

> "In order for a defendant to be charged with multiple counts of assault, there must be multiple assaults." *State v. McCoy*, 174 N.C. App. 105, 115, 620 S.E.2d 863, 871 (2005) (citation and quotation marks omitted). To establish that multiple assaults occurred, there must be "a distinct interruption in the original assault followed by a second assault[,] so that the subsequent assault may be deemed separate and distinct from the first." *State v. Littlejohn*, 158 N.C. App. 628, 635, 582 S.E.2d 301, 307 (2003) (*purgandum*). To determine whether Defendant's conduct was distinct, we are to consider: (1) whether each action required defendant to employ a separate thought process; (2) whether each act was distinct in time; and (3) whether each act resulted in a different outcome. *State v. Rambert*, 341 N.C. 173, 176-77, 459 S.E.2d 510, 513 (1995).
>
> In *State v. Wilkes*, 225 N.C. App. 233, 736 S.E.2d 582 (2013), the defendant initially punched the victim in the face, breaking her nose, causing bruising to her face, and damaging her teeth. The victim's son entered the room where the incident occurred with a baseball bat and hit the defendant. *Id.* at 235, 736 S.E.2d at 585. The defendant was able to secure the baseball bat from the child, and he began striking the victim with it. *Id.* at 235, 736 S.E.2d at 585. The defendant's actions in the subsequent assault "crushed two of [the victim]'s fingers, broke[] bones in her forearms and her hands, and cracked her skull." *Id.* at 235, 736 S.E.2d at 585.

This Court, citing our Supreme Court in *Rambert*, determined that there was not a single transaction, but rather "multiple transactions," stating, "[i]f the brief amount of thought required to pull a trigger again constitutes a separate thought process, then surely the amount of thought put into grabbing a bat from a twelve-year-old boy and then turning to use that bat in beating a woman constitutes a separate thought process." *Wilkes*, 225 N.C. App. at 239-40, 736 S.E.2d at 587.

In *State v. Harding*, 258 N.C. App. 306, 813 S.E.2d 254, 263, *writ denied, review denied*, 371 N.C. 450, 817 S.E.2d 205 (2018), this Court again applied the "separate-and-distinct-act analysis" from *Rambert*, and found multiple assaults "based on different conduct." *Id*. at 317, 813 S.E.2d at 263. There, the defendant "grabb[ed the victim] by her hair, toss[ed] her down the rocky embankment, and punch[ed] her face and head multiple times." *Id*. at 317, 813 S.E.2d at 263. The defendant also pinned down the victim and strangled her with his hands. This Court determined that multiple assaults had occurred because the "assaults required different thought processes. Defendant's decisions to grab [the victim]'s hair, throw her down the embankment, and repeatedly punch her face and head required a separate thought process than his decision to pin down [the victim] while she was on the ground and strangle her throat to quiet her screaming." *Id*. at 317-18, 813 S.E.2d at 263. This Court also concluded that the assaults were distinct in time, and that the victim sustained injuries to different parts of her body because "[t]he evidence showed that [the victim] suffered two black eyes, injuries to her head, and bruises to her body, as well as pain in her neck and hoarseness in her voice from the strangulation." *Id*. at 318, 813 S.E.2d at 263.

*Id*.

The majority acknowledges that there were two assaults, but concludes that Defendant's conduct in striking the victim with his fists and hands is the same

conduct as strangling the victim.[2]  However, the majority reaches this result without conducting a *Rambert* analysis, or discussing that decision from our Supreme Court. Instead, the majority relies on *State v. Williams*, 201 N.C. App. 161, 689 S.E.2d 412 (2009), which also failed to discuss *Rambert*, and *State v. McPhaul*, 256 N.C. App. 303, 808 S.E.2d 294 (2017), which involved a robbery with a baseball bat in which the victim was struck three times in succession.

In the present case, the victim was unable to recall many of the details due to the severity of her injuries that resulted from Defendant's conduct.  However, the evidence at trial tended to show that Defendant severely beat the victim in the face using both of his fists.  The State introduced the victim's "Prehospital Care Report" without objection.  This exhibit, which was published to the jury, contained the following statement: an EMT "stepped out of the ambulance to talk to one of the daughters and they stated they had tried to call [the victim] for an hour and went over to [the victim's] house and found [Defendant] over top of her beating her with his *fists*." (Emphasis added).  The victim suffered significant bruising and swelling to the left side of her face, among other injuries.  The State also introduced into evidence several photographs which showed the victim's external injuries.  State's Exhibits 5, 6, 7, and 8 showed bruising and swelling to the victim's left eye.

---

[2] Per the majority opinion, "these two assaults were in fact one assault."

At some point, Defendant stopped punching the victim in the face with both hands, and he began to strangle her. State's Exhibits 5, 6, 9, and 10 showed a handprint, bruising, and abrasions to the left side of the victim's neck.

Based on this evidence, Defendant's conduct in assaulting the victim with both fists was different and distinct from his conduct in strangling the victim. First, the two actions required different thought processes. Defendant's decision to strike the victim repeatedly in the face required a different thought process from his decision to place his hand upon her throat and strangle her to the point of vomiting. In addition, these two assaults were distinct in time because Defendant had to cease punching the victim in the face with both fists in order to carry out the assault by strangulation. Finally, the injuries sustained by the victim were to different body parts. The injuries from the assault with a deadly weapon inflicting serious injury caused visible injury to the victim's face, especially her left eye, while her neck clearly showed a handprint and bruising resulting from the assault by strangulation. Based on these factors, as established by *Rambert*, Defendant assaulted the victim multiple times.

In addition, the trial court instructed the jury on two assaults arising from Defendant's differing conduct. Defendant was indicted for assaulting the victim and "inflict[ing] serious injury, severe bruising to [the victim's] neck and throat[,] by strangulation with his hands." With regard to that offense, the trial court instructed the jury as follows:

Defendant has also been charged with assault inflicting physical injury by strangulation. For you to find the defendant guilty of this offense, the State must prove two things beyond a reasonable doubt. First, that the defendant assaulted [the victim] *by intentionally strangling her, and, second, that the defendant inflicted physical injury upon [the victim]*. If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant intentionally assaulted [the victim] inflicting physical injury by strangulation, it would be your duty to return a verdict of guilty to that charge. If you do not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty to that charge.

(Emphasis added).

Defendant was also indicted for assault with a deadly weapon inflicting serious injury pursuant to N.C. Gen. Stat. § 14-32 for assaulting the victim "with a series of strikes with fists and hands." The trial court instructed the jury that to find Defendant guilty of assault with a deadly weapon inflicting serious injury, the jury was required to find

beyond a reasonable doubt that on or about the alleged date, the defendant intentionally struck [the victim] with his fists or hands and that the defendant's fists or hands were deadly weapons and that the defendant inflicted serious injury upon [the victim.]

Thus, there was no error because the conduct at issue here, an assault by intentionally strangling the victim, is not the same conduct as intentionally striking the victim with fists or hands.