IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-704

Filed 2 July 2025

Onslow County, No. 22CRS316040

STATE OF NORTH CAROLINA

v.

NICOLAS GANNAR FRENCH

Appeal by defendant from judgments entered 7 December 2023 by Judge Robert C. Roupe in Onslow County Superior Court. Heard in the Court of Appeals 10 April 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney Generals Lisa T. Pakela, Melody R. Hairston, and Christopher R. McLennan, for the State.*

> *Law Office of John W. King, Jr. PLLC, by John W. Moss, for the defendant-appellant.*

TYSON, Judge.

Nicolas French ("Defendant") appeals from the jury's verdicts and the final judgments entered thereon for assault by strangulation, assault on a female, and assault inflicting serious injury. Our review discerns no error.

## I. Background

Defendant and Christine Riley ("Ms. Riley") were married in October 2016. Defendant moved into Ms. Riley's home during May 2017. Both Defendant and Ms. Riley testified, but each gave differing accounts of events, which occurred on 4

October 2022. Defendant and Ms. Riley were home and Defendant began drinking alcohol. Ms. Riley asked Defendant to stop drinking and told him to leave and stay out of the house if he planned to continue drinking. Defendant left to go to a neighbor's house.

Ms. Riley further testified she was awoken by Defendant banging on the back door of their home at around 11:20 p.m. or 11:30 p.m. He was demanding to come inside and requested his phone. Ms. Riley answered and again told Defendant, if he was going to continue drinking, she did not want him inside the house. She went inside to retrieve his phone.

When Ms. Riley returned with his phone, Defendant forced his way into the home and began to strike her on the right side of her head. Defendant put his hands around her neck and applied pressure. The two fell onto the floor. Ms. Riley was able to break free from Defendant and ran away.

Defendant caught up with Ms. Riley and pushed her into the kitchen stove, keeping one hand around her throat while using his other to strike her in the ribs and stomach. Ms. Riley was again able to get away from Defendant and ran towards the living room.

Defendant knocked her into an area between the kitchen and living room, pushed her onto the floor, and got on top of her. Defendant again placed his hands around Ms. Riley's neck and throat, making it difficult for her to breathe. Ms. Riley testified this assault lasted at least 45 seconds. Ms. Riley was able to get away for

yet a third time and ran into the living room to call 911 for help.

Defendant saw Ms. Riley speaking on the phone and briefly left the house before returning. Officers from the Jacksonville Police Department and EMS shortly arrived at the scene. Defendant was restrained and placed under arrest. Ms. Riley drove herself to and was treated at Onslow Memorial Hospital the following day.

On 7 March 2023, Defendant was indicted on charges of assault by strangulation and assault on a female. A superseding indictment was entered on 3 October 2023 on charges of assault by strangulation, assault on a female, and assault with a dangerous weapon inflicting serious injury. The jury found Defendant guilty of assault by strangulation, assault on a female, and guilty of the lesser-included offense of assault inflicting serious injury.

On 7 December 2023, Defendant was sentenced in the presumptive range as a prior record level I offender to an active term of 6 months to 17 months for the offense of assault by strangulation. Defendant was also sentenced to an active term of 60 days for assault on a female, which was set to run consecutively to his first sentence. Defendant was lastly sentenced to an active term of 60 days for assault inflicting serious injury, which was set to run consecutively to his second sentence. Defendant appeals.

## II.    Jurisdiction

Jurisdiction lies in this court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2023).

### III.    Issues

Defendant was charged with and convicted of three separate assaults. Defendant argues the State failed to present substantial evidence indicating the assaults were distinct incidents and asserts the trial court erred in denying Defendant's motion to dismiss two of the three assault charges. Defendant also contends he was improperly sentenced separately and consecutively for assault by strangulation, assault on a female, and assault inflicting serious injury, in violation of the General Assembly's statutory mandates.

### IV.    Motion to Dismiss

Defendant moved to dismiss all charges at the close of the evidence. The trial court denied the motion. Defendant argues the trial court erred by denying his motion to dismiss two of the three assault charges. Defendant contends his assaults on Ms. Riley occurred "during one continuous interaction," the State presented evidence of only a single assault, and the State had failed to offer sufficient evidence to support the other two separate assaults for which Defendant was charged and convicted.

### A. Standard of Review

"Whether the State presented substantial evidence of each essential element of the offense is a question of law." *State v. Crockett*, 368 N.C. 717, 720, 782 S.E.2d 878, 881 (2016) (internal citations omitted). This Court "reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650

S.E.2d 29, 33 (2007). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradiction in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994).

## B. Analysis

Defendant asserts the State's evidence shows only one assault occurred, with no distinct interruption from beginning to end. Defendant argues the State's evidence was insufficient to prove multiple assaults, and the trial court erred when it failed to dismiss all but one of the assault charges.

To survive a motion to dismiss based on insufficiency of the evidence, the State must present "substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant being the perpetrator of such offense." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (internal citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Blake*, 319 N.C. 599, 604, 356 S.E.2d 352, 355 (1987) (citation and quotation marks omitted). "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *State v. Stone*, 323 N.C. 447, 452, 373 S.E.2d 430, 433 (1988).

The relevant question is whether the State presented substantial evidence of

not just one, but three, distinct assaults. Defendant was charged with assault by strangulation, assault on a female, and assault with a dangerous weapon inflicting serious injury. The crime of assault is defined by common law rules as:

> [A]n overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.

*State v. Dew*, 379 N.C. 64, 70, 864 S.E.2d 268, 273-74 (2021).

"[T]he State may charge a defendant with multiple counts of assault only when there is substantial evidence that a distinct interruption occurred between assaults." *Dew*, 379 N.C. at 72, 864 S.E.2d at 275. "[A] distinct interruption may take the form of an intervening event, a lapse of time in which a reasonable person could calm down, an interruption in the momentum of the attack, a change in location, or some other clear break delineating the end of one assault and the beginning of another." *Id.* at 72, 275.

Defendant argues the State failed to present sufficient evidence of separate assaults, but rather only showed proof of one continuous assault. The State argues two distinct interruptions took place, resulting in three separate assaults.

We conclude the evidence supports the State's contention. Testimony from Ms. Riley asserted Defendant first assaulted her by pushing his way into the home and immediately striking her on the right side of her head on 4 October 2022. Defendant

then put his hands around Ms. Riley's neck and applied pressure before the two fell onto the floor. The first distinct interruption of the attack occurred when Ms. Riley briefly broke free, begged Defendant to stop, and told him he could stay at the house.

The evidence presented by the State regarding this distinct interruption, specifically Ms. Riley's testimony she had "managed to get up at that point [and] ran over [while] begging him to stop," is sufficient to show an "interruption in the momentum of the attack." *Dew*, 379 N.C. at 72, 864 S.E.2d at 275. This interruption in the momentum delineates the end of the first assault and the beginning of the second.

The State's evidence further shows Defendant then pushed Ms. Riley up against the kitchen stove, placed one hand around her throat and struck her in the ribs and stomach with his other. The second distinct interruption in the second attack occurred when Ms. Riley again escaped from Defendant and ran from the kitchen stove toward a different area of the home between the kitchen and living room. The evidence presented by Ms. Riley's testimony tended to show she "managed to get away . . . tried running toward the living room[,] and then he pushed [her] into the area that's between the kitchen and the living room." This testimony, pursuant to *Dew*, is sufficient to show "a change in location." *Id.* This change in location of the attack delineates the end of the second assault and the beginning of the third assault.

In this new area of the home, Defendant pushed Ms. Riley to the floor, got on top of her, and again placed both hands around her neck, causing her to begin to lose

consciousness. Ms. Riley testified she kicked her legs in an attempt to stop the assault until she was able to again get away and call the police, ending the third and final assault.

The evidence presented supports each distinct interruption and is sufficient to delineate the end of one assault and the beginning of another, showing both interruptions in the momentum of the attacks and changes in the location of the home where they occurred. These distinct interruptions occurred first when Ms. Riley ran and begged Defendant to stop, and later, when Ms. Riley ran into a different area of the home near the living room. The State also presented evidence supporting each separate charge through documentary evidence, including pictures from 4 October 2022 and previous assaults, as well as testimonial evidence from Ms. Riley, medical providers from Onslow Memorial Hospital, and law enforcement officers from Jacksonville Police Department.

### 1. *State v. Dew and State v. Robinson*

Defendant argues *State v. Dew* and *State v. Robinson* supports his contention only one continuous assault occurred. *Dew*, 379 N.C. 64, 864 S.E.2d 268; *State v. Robinson*, 381 N.C. 207, 219, 872 S.E.2d 28, 37 (2022). Those cases are distinguishable from the evidence here. In *Dew*, the victim testified the defendant had hit her "'over and over,'—a continuous non-stop beating—for at least two hours." *Dew*, 379 N.C. at 65, 864 S.E.2d at 270. In *Robinson*, the victim's statement described the attack as "continuous . . . without pause or interruption." 381 N.C. at 219, 872

S.E.2d at 37.

During Ms. Riley's testimony, she did not describe the attack as an ongoing and continuous assault, but rather described two distinct interruptions, supporting three separate assault charges. We conclude the trial court did not err in denying Defendant's motion to dismiss two of the three assault charges. The State presented sufficient evidence to support presenting all three charges to the jury. Defendant's arguments are overruled.

## V.    Sentencing

Defendant was sentenced in the presumptive range to an active term of 6 months minimum to 17 months maximum for the offense of assault by strangulation; to an active term of 60 days for assault on a female, consecutive to the first sentence; and, to an active term of 60 days for assault inflicting serious injury consecutive to the second sentence.

Defendant argues he was improperly sentenced separately and consecutively for assault by strangulation under N.C. Gen. Stat. § 14-32.4(b), assault on a female under N.C. Gen. Stat. § 14-33(c)(2), and assault inflicting serious injury under N.C. Gen. Stat. § 14-33(c)(1) in violation of the legislature's statutory mandates. N.C. Gen. Stat. §§ 14-32.4(b); 33(c)(1)-(2) (2023). Defendant contends the General Assembly authorized punishment only once for the same assault through the language of these statutes. Defendant further contends the trial court lacked statutory authority to impose additional sentences for assault on a female and assault inflicting serious

injury by imposing consecutive active punishments on him after sentencing him for the greater offense of assault by strangulation.

## A. Standard of Review

Defendant's argument involves a question of statutory interpretation. "Questions of statutory interpretation are questions of law, which are reviewed *de novo* by an appellate court." *State v. Jones*, 237 N.C. App. 526, 530, 767 S.E.2d 341, 344 (2014) (citation omitted). "The prefatory clause of assault on a female statute . . . imposed a statutory mandate that preserved for appellate review [D]efendant's claim that he could not be punished for [each assault] based on the same conduct, despite his failure to object." *Id.*; N.C. Gen. Stat. § 14-33(c) (2023).

"When a trial court acts contrary to a statutory mandate, the defendant's right to appeal is preserved despite the defendant's failure to object during trial." *State v. Harding*, 258 N.C. App. 306, 316, 813 S.E.2d 254, 262 (2018) (quoting *State v. Braxton*, 352 N.C. 158, 177, 531 S.E.2d 428, 439 (2000) (citations and quotation marks omitted)).

## VI. Analysis

Defendant argues he was improperly punished because the beginning clause of each statute under which he was convicted limits the trial court's ability to impose punishment for lesser assault offenses if a higher offense punishment is imposed for a higher offense involving the same conduct. The State asserts Defendant was properly sentenced because the trial court may impose punishment for multiple

assaults when sufficient evidence is presented of, and the jury finds, multiple separate assaults occurred.

As noted, the jury found Defendant guilty of assault by strangulation under N.C. Gen. Stat. § 14-32.4(b), assault on a female under N.C. Gen. Stat. § 14-33(c)(2), and the lesser included assault inflicting serious injury under N.C. Gen. Stat. § 14-33(c)(1). Pursuant to N.C. Gen. Stat. § 14-32.4(b), "[u]nless the conduct is covered under some other provision of law providing greater punishment, any person who assaults another person and inflicts physical injury by strangulation is guilty of a Class H felony." N.C. Gen. Stat. § 14-32.4(b) (2023).

N.C. Gen. Stat. § 14-33(c)(1) and (2) provide:

> Unless the conduct is covered under some other provision of law providing greater punishment, any person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he or she: (1) [i]nflicts serious injury upon another person or uses a deadly weapon; (2) [a]ssaults a female, he being a male person at least 18 years of age; . . . .

*See* N.C. Gen. Stat. § 14-33(c)(1) and (2) (2023).

Each statute begins with the clause "unless the conduct is covered under some other provision of law providing greater punishment." *See* N.C. Gen. Stat. § 14-32.4(b); and N.C. Gen. Stat. § 14-33(c). Defendant contends this language indicates the General Assembly intended for punishment to be imposed either for the more serious offense or for the lesser offense, but not both. *See id.* "The intent of the

- 11 -

Legislature controls the interpretation of a statute [and] [w]hen a statute is unambiguous, this Court will give effect to the words without resorting to judicial construction.'" *Jones*, 237 N.C. App. at 530, 767 S.E.2d at 344 (quoting *State v. Davis*, 364 N.C. 297, 302, 698 S.E.2d 65, 68 (2010).

"In order for a criminal defendant to be charged and convicted of two separate counts of assault stemming from one transaction," in accord with double jeopardy principles, "the evidence must establish 'a distinct interruption in the original assault followed by a second assault[,]' so that the subsequent assault may be deemed separate and distinct from the first." *Littlejohn*, 158 N.C. App. at 635, 582 S.E.2d at 307 (quoting *State v. Brooks*, 138 N.C. App. 185, 189, 530 S.E.2d 849, 852 (2000)). "[T]he evidence must show that 'two separate and distinct assaults occurred' in order to support more than one charge." *State v. Prince*, 271 N.C. App. 321, 324, 843 S.E.2d 700, 701, *writ allowed*, 375 N.C. 280, 842 S.E.2d 601 (2020) (quoting *State v. McCoy*, 174 N.C. App. 105, 116, 620 S.E.2d 863, 872 (2005)).

"[W]here multiple assaults occurring during one altercation may be 'deemed separate and distinct,' multiple sentences based on those assaults may be imposed." *Harding*, 258 N.C. App. at 316, 813 S.E.2d at 262 (quoting *State v. Littlejohn*, 158 N.C. App. 628, 635, 582 S.E.2d 301, 307 (2003) (explaining that where multiple assault convictions arise from "one transaction, the evidence must establish 'a distinct interruption in the original assault followed by a second assault[,]' so that the subsequent assault may be deemed separate and distinct from the first" (citation

omitted)). A trial court may sentence a defendant for multiple counts of assault when there is substantial evidence of a distinct interruption between assaults. *Id.*; *Dew*, 379 N.C. at 65, 864 S.E.2d at 270.

Here, the State presented sufficient evidence tending to show the attacks on Ms. Riley were not one continuous or non-stop assault, but rather three separate assaults, separated by distinct interruptions. The State offered substantial evidence in support of each assault, including photographs, documents, and testimony from Ms. Riley, medical providers, and law enforcement officers.

Based upon the evidence presented by the State, Defendant's attack on Ms. Riley was interrupted by at least two distinct breaks in the assaults, which occurred after she broke away from him twice. The evidence supports the jury's conclusion that three separate assaults occurred.

Defendant was properly sentenced separately and consecutively, within the trial court's discretion, for each of the three offenses. *Prince*, 271 N.C. App. at 324, 843 S.E.2d at 702. Defendant's arguments are overruled.

## VII. Conclusion

The trial court properly denied Defendant's motion to dismiss two of the three assault charges. Defendant was properly sentenced within the presumptive ranges, consecutively, for three separate assaults on Ms. Riley.

Defendant received a fair trial, free from prejudicial errors he brought forth and argued. We discern no error in the jury's verdicts or in the judgments entered

thereon.  *It is so ordered.*

NO ERROR.

Chief Judge DILLON and Judge GORE concur.